UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DOBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:10CV1731RWS |
| v. ) | |
| ) | |
| NATIONAL CASUALTY COMPANY, ) | |
| and ) | |
| JOSEPH FRANK ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter concerns whether an insurer must provide coverage to pay a judgment from state court. The insurer, Defendant National Casualty Company, removed this case from state court invoking the Court's diversity jurisdiction. Plaintiff Christopher Dobbs has moved to remand the case because the parties lack complete diversity. I will grant Dobbs' motion to remand because the requirements of diversity jurisdiction are not satisfied in the case.

*Background*

Plaintiff Christopher Dobbs and Defendant Joseph Frank were employees of Robert E. Grundmeyer, d/b/a Bob's Disposal Service (Bob's Disposal), a trash collection business. On August 8, 2008, Dobbs was injured in an automobile accident. At the time of the accident Dobbs was a passenger in a trash truck being driven by Frank and owned by Bob's Disposal. The vehicle was insured by Defendant National Casualty Company.

On September 29, 2008, Dobbs sued Frank to recover damages for Dobbs' injuries in the Circuit Court of Jefferson County, State of Missouri, Case No. 08JE-CC01231. On August 20, 2010, Dobbs' and Frank filed a §537.065 R.S.Mo. agreement in the case in which Dobbs' was

granted a consent judgment in the amount of $495,000 and any recovery of the judgment was limited to policies of insurance covering Frank. The judgment specifically included a policy issued by Defendant National Casualty Company.[1]

On August 20, 2011, Dobbs' filed this equitable garnishment action under § 379.200 R.S.Mo. in the Circuit Court for the City of St. Louis, Missouri, in Case No. 1022-CC10592. Dobbs seeks to collect the $495,000 consent judgment from Defendant National Casualty.

National Casualty was served with the garnishment lawsuit on September 7, 2010 and removed the suit to this Court on September 14, 2010. In its notice of removal National Casualty cites supplemental jurisdiction, under 28 U.S.C. § 1367, as the basis for removal. Because section 1367 is not the basis for removal I ordered National Casualty to file an amended notice of removal no later than September 24, 2010. Defendant failed to file an amended notice of removal but instead filed a memorandum in opposition to Dobbs' motion to remand on that date. The memorandum in opposition indirectly provided notice to Plaintiff and the Court that the basis of National Casualty's removal was diversity jurisdiction under 28 U.S.C. § 1332. Such notice, although not in the form or manner directed by the Court, suffices to provide notice of the jurisdictional basis for removal.[2]

---

[1] Apparently, in anticipation of such consent judgment, Defendant National Casualty filed a declaratory judgment action in this Court on August 18, 2010, Case No. 4:10CV1583 RWS, seeking a declaration that its policy did not provide coverage to Frank for Dobbs' injuries. A motion to dismiss that lawsuit is being addressed in a separate order.

[2] National Casualty had until October 7, 2010, thirty days from the date of service, to remove the case and, therefore provided a timely notice of the basis for removal. <u>Dahl v. Reynolds Tobacco Company</u>, 478 F.3d 965, 968 (8th Cir. 2007).

*Legal Standard*

To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

*Discussion*

Dobbs moved to remand the case based on a lack of complete diversity because both he and Defendant Frank are Missouri residents. National Casualty, an Arizona company, has responded that Frank should be realigned as a plaintiff for jurisdictional purposes because Dobbs has no actual or substantial controversy with Frank. If Frank is realigned there would be complete diversity.

In support of its request for realignment, National Casualty points out that the § 537.065 agreement limits any recovery to insurance policies covering Frank. National Casualty argues that it is in Frank's interest to have the judgment satisfied from coverage under the insurance policy and therefore his interest should be realigned with Dobbs creating complete diversity. In support of its position National Casualty cites the case of Randolph v. Employers Mut. Liability Ins. Co. of Wis., 260 F.2d 461, 464 (8th Cir. 1958).

In that case a judgment holder brought suit directly against an insurance company and did not join the insured in the case. The case was removed the federal court and the plaintiff sought remand. The Eighth Circuit stated that even if the individual insured had been named as a

defendant he would be realigned as a plaintiff for jurisdictional purposes. But the Eighth Circuit's decision turned on the fact that the potential individual defendant would have received a benefit. He was personally liable for the judgment. However, if insurance coverage was found to exist he would avoid having to pay the judgment from his own assets. Such a benefit is not present in this case. Defendant Frank's interest is not aligned with Dobbs' because he gains no benefit whether National Casualty's insurance policy provides coverage for the judgment or not. Under the judgment sought to be enforced Dobbs is not personally liable for the judgment amount.

In addition, Dobbs did not fraudulently name Frank as a defendant in this lawsuit in an attempt to defeat National Casualty's right to removal. Missouri law requires that the defendant in the underlying litigation be named as a defendant in a garnishment action along with the insurance company. See Section 379.200 R.S.Mo. Based on the foregoing, I conclude that Frank has been properly joined as a defendant in this matter.

Moreover, even if Frank was realigned as a plaintiff for jurisdictional purposes, complete diversity would still be lacking because National Casualty would assume the citizenship of an insured who was not named as a defendant. Under Federal law, in a direct action against an insurer, the insurer is deemed to be a citizen of the same state as its insured if the insured is not joined as a party-defendant. See 28 U.S.C. § 1332(c)(1)("in any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen . . .").

This case is an equitable garnishment action brought under R.S. Mo. § 379.200. Such a suit is a "direct action" against an insurer for purposes 28 U.S.C. § 1332(c)(1). Prendergast v.

Alliance Gen. Ins. Co., 921 F. Supp. 653, 655 (E.D. Mo. 1996).

The parties did not attach a copy of the insurance policy at issue. However, the policy was submitted by National Casualty as Exhibit B to its complaint for a declaratory judgment in the companion suit to this matter concerning the identical coverage issue filed in this Court as National Casualty Company v. Robert E. Grundmeyer, Inc., et al., 4:10CV1538 RWS. I shall take judicial notice of the policy submitted by National Casualty in the companion case. Under the heading of "Who is an insured" on page 32 of the exhibit, the policy states that anyone using a covered auto with Bob's Disposal's permission is an insured. National Casualty admits in its papers that the vehicle involved in the accident was a covered vehicle and that Frank, as an employee and in the course of his employment, had permission to use the vehicle. Based on these undisputed facts, Frank, at a minimum for diversity jurisdiction purposes, is an insured under the policy.[3]

Because Frank is a named insured, even if he is realigned as a plaintiff in this matter, diversity jurisdiction would still be lacking because National Casualty would be deemed to be a Missouri resident by operation of 28 U.S.C. § 1332(c)(1).

In an alternative argument, National Casualty asserts that Frank is not an insured because an exclusion in the policy may prevent coverage for the injury sustained by Dobbs because he was a fellow employee. This position improperly mixes the issues. The jurisdictional question

---

[3] National Casualty asserts that their policy cannot be deemed to cover Frank because Frank was not sued as an employee of Bob's Disposal nor was Bob's Disposal joined as a defendant in the underlying suit. National Casualty does not cite any authority for this position. Moreover, Dobbs' asserts in his papers, and National Casualty does not dispute, that National Casualty provided counsel to Frank in the underlying suit. Such an action belies National Casualty's apparent position that it had no interest or obligations in the underlying suit.

before the Court is whether Frank was an insured under the policy. Because he is an insured diversity is lacking. As a result, the Court is without jurisdiction to entertain the separate question of whether an exclusion applies which would not provide coverage to an insured.

Whether or not Frank remains a defendant in this matter or is realigned as a plaintiff, the complete diversity requirement of § 1332(a) is not met and the matter must be remanded.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Christopher Dobbs' motions to remand [#3 and 5] are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2011.